UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SELENA COULTER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:20-CV-023-DCLC-DCP |
| ) | |
| PANDORA JEWELRY, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 1]. The undersigned files this Report and Recommendation for the District Judge to whom the case is assigned. Accordingly, for the reasons more fully explained below, the Court **RECOMMENDS** that Plaintiff's Motion to Proceed IFP [Doc. 1] be **DENIED**.

**I.   BACKGROUND**

Plaintiff filed a Complaint [Doc. 2] on January 13, 2020 against Defendants Pandora Jewelry, LLC and Pandora Ventures, LLC, alleging claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Plaintiff also filed her IFP motion [Doc. 1] on January 13, 2020.

In her IFP motion, Plaintiff reports a gross income of $1,100 per month, with a net income of $850 per month. [*Id.* at 2]. Plaintiff states that she currently has $50 in cash, and $300 in a checking account. [*Id.* at 4]. Plaintiff reports owing $7,500 on an automobile note for her 2012 Acura TL, of which she pays $430 monthly, as well as $11,000 on credit card accounts, of which she pays $250 monthly. [*Id.* at 5, 7]. Plaintiff's monthly liabilities total $1,790.00,

consisting of: rent ($750); electricity, water, and gas utilities ($290); telephone bill ($60); her automobile note ($430); and credit card payments ($250). [*Id.* at 7]. Plaintiff also reports a $6,000 loan payable to "Knoxville TVA." [*Id.* at 6]. Plaintiff notes that she has a nine-year old daughter. [*Id.* at 9]. However, in her Motion, Plaintiff also reports her spouse's gross average monthly income as $5,000, for a total combined gross monthly income of $5,850. [*Id.* at 8–9].

## II. LAW AND ANALYSIS

Applications to proceed *in forma pauperis* ("IFP") are governed by 28 U.S.C. § 1915. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915(e)(2)(B).

The Court's review of an IFP application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990) (observing that the "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). The threshold requirement that must be met in order to proceed IFP is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (internal citation omitted). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.* An affidavit to

proceed IFP is sufficient if it states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Adkins*, 335 U.S. at 339. The decision to grant or deny such an application lies within the discretion of the court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

"In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered 'his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members,' as well as equity in real estate and automobiles." *Rine v. Comm'r of Soc. Sec.*, No. 5:17-CV-2654, 2017 WL 7000281, at *1 (N.D. Ohio Dec. 21, 2017) (collecting cases and quoting *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10–31 (RHK/RLE), 2010 WL 502781, *1, n.1 (D. Minn. Feb. 5, 2010)), *report and recommendation adopted by*, 2018 WL 490558 (N.D. Ohio Jan. 19, 2018); *see, e.g.*, *Hasselback v. Comm'r of Soc. Sec.*, No. 3:17-CV-307-CRS, 2017 WL 3033434, at *2 (W.D. Ky. June 8, 2017) ("It therefore has been held to be appropriate for the court when considering a plaintiff's IFP motion to include the spouse's equity in real property, ownership of automobiles and combined family income in determining the question of indigence."), *report and recommendation adopted by*, 2017 WL 3032430 (W.D. Ky. July 17, 2017).

Here, Plaintiff's IFP motion reports that she and her spouse receive an average monthly gross income of $5,850, which significantly exceeds her reported monthly expenses of $1,790.00. Plaintiff also reports $350 in additional income through cash on hand and a savings account. In light of Plaintiff's and her spouse's assets, it does not appear that the cost of filing would impose an undue hardship on Plaintiff. The Court finds that Plaintiff is "properly in the position of having to weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D.

3

Mich. Oct. 16, 2012), *report and recommendation adopted by*, 2012 WL 5457383 (E.D. Mich. Nov. 8, 2012). Accordingly, it is recommended that the Court find that Plaintiff is not eligible to proceed IFP in this Court.

III. **CONCLUSION**

For the reasons set forth above, it is **RECOMMENDED**[1] that Plaintiffs' Application to Proceed IFP [Doc. 1] be **DENIED**. Accordingly, it is further **RECOMMENDED** that, if this Report & Recommendation is adopted, Plaintiff be ordered to pay the $400 filing fee within fourteen (14) days of the entry of the Court's Order.

        Respectfully submitted,

        Debra C. Poplin
        United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).